IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | Crim. No. 4:03-cr-00287-TLW-1 |
|---|---|
| v. | **Order** |
| Devern Clemon | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018. For the reasons set forth in detail in the Court's prior order and the Fourth Circuit's recent decision in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), the Court concludes that he is eligible for a reduced sentence under the First Step Act. ECF No. 157. The Court has carefully considered the additional filings he submitted in response to the Court's order. *See* ECF No. 162.

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. Defendant requests a reduction

1

to time served. ECF No. 149 at 2. The Government consents to a reduction to time served, albeit without any discussion of why that would be an appropriate reduction. *See id.* The Government also acknowledges that, after factoring in his two-level § 5K1.1 departure, his pre- and post-First Step Act Guidelines ranges are the same— 210 to 262 months. *See* ECF No. 146 at 1. The Court notes that he was held accountable for 95 grams of crack, which is below the 280-gram threshold made applicable by the First Step Act and the Fair Sentencing Act. While he was a career offender when originally sentenced, due to post-sentencing changes in the law, he would not be a career offender if he were being sentenced today.[1] In light of these considerations, the Court will reduce his sentence to 216 months or time served, whichever is greater.[2] Notably, a 216-month sentence is within the pre- and post-

---

[1] The First Step Act does not authorize a challenge to his career offender designation, as he is not entitled to a full resentencing. Additionally, Supreme Court and Fourth Circuit precedent bar a habeas challenge to a career offender designation. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *United States v. Brown*, 868 F.3d 297, 304 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). But although he cannot now challenge his career offender designation, the fact that he would not be a career offender today is an appropriate factor to weigh in considering whether a sentence reduction under the First Step Act is appropriate.

[2] Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g.*, *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").

2

First Step Act Guidelines range of 210 to 262 months.

Additionally, the First Step Act's change of Defendant's statutory term of supervised release to at least 8 years results in a corresponding change to his Guidelines range of supervised release, and the Court concludes that it would be appropriate to reduce his term of supervised release to 8 years.

For these reasons, Defendant's motion, ECF No. 149, is **GRANTED**. An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 18, 2019
Columbia, South Carolina